**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MARC WATERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| CANTEL MEDICAL CORP., CHARLES M. DIKER, GEORGE L. FOTIADES, ALAN R. BATKIN, ANN E. BERMAN, MARK N. DIKER, ANTHONY B. EVNIN, LAURA FORESE, RONNIE MYERS, PETER PRONOVOST, KAREN N. PRANGE, STERIS PLC, SOLAR NEW US HOLDING CO, LLC, and CRYSTAL MERGER SUB 1, LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January 12, 2021 (the "Proposed Transaction"), pursuant to which Cantel Medical Corp. ("Cantel" or the "Company") will be acquired by STERIS plc ("Parent"), Solar New US Holding Co, LLC ("US Holdco"), and Crystal Merger Sub 1, LLC ("Merger Sub," and together with Parent and US Holdco, "STERIS").

2. On January 12, 2021, Cantel's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with STERIS. Pursuant to the terms of the Merger Agreement, Cantel's stockholders will receive 0.33787 ordinary shares of Parent and $16.93 in cash for each share of Cantel common

stock they own.

3. On April 1, 2021, defendants filed a proxy statement/prospectus (the "Prospectus") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Prospectus omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Cantel common stock.

9. Defendant Cantel is a Delaware corporation and maintains its principal executive offices at 150 Clove Road, Little Falls, New Jersey 07424. Cantel's common stock is traded on

the New York Stock Exchange under the ticker symbol "CMD."

10. Defendant Charles M. Diker is Chairman of the Board of the Company.

11. Defendant George L. Fotiades is Chief Executive Officer and a director of the Company.

12. Defendant Alan R. Batkin is a director of the Company.

13. Defendant Ann E. Berman is a director of the Company.

14. Defendant Mark N. Diker is a director of the Company.

15. Defendant Anthony B. Evnin is a director of the Company.

16. Defendant Laura Forese is a director of the Company.

17. Defendant Ronnie Myers is a director of the Company.

18. Defendant Peter Pronovost is a director of the Company.

19. Defendant Karen N. Prange is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Parent is a company incorporated under the laws of Ireland and a party to the Merger Agreement.

22. Defendant US Holdco is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

23. Defendant Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of US Holdco, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

24. Cantel is a leading global company dedicated to delivering innovative infection

3

prevention products and services for patients, caregivers, and other healthcare providers which improve outcomes, enhance safety, and help save lives.

25. The Company's products include specialized medical device reprocessing systems for endoscopy and renal dialysis, advanced water purification equipment, sterilants, disinfectants and cleaners, sterility assurance monitoring products for hospitals and dental clinics, disposable infection control products primarily for dental and GI endoscopy markets, instruments and instrument reprocessing workflow systems serving the dental industry, dialysate concentrates, hollow fiber membrane filtration, and separation products.

26. On January 12, 2021, Cantel's Board caused the Company to enter into the Merger Agreement with STERIS.

27. Pursuant to the terms of the Merger Agreement, Cantel's stockholders will receive 0.33787 ordinary shares of Parent and $16.93 in cash for each share of Cantel common stock they own.

28. According to the press release announcing the Proposed Transaction:

> STERIS plc (NYSE: STE) ("STERIS" or the "Company") and Cantel Medical Corp (NYSE: CMD) ("Cantel") today announced that STERIS has signed a definitive agreement to acquire Cantel, through a U.S. subsidiary. Cantel is a global provider of infection prevention products and services primarily to endoscopy and dental Customers. Under the terms of the agreement, STERIS will acquire Cantel in a cash and stock transaction valued at $84.66 per Cantel common share, based on STERIS's closing share price of $200.46 on January 11, 2021. This represents a total equity value of approximately $3.6 billion and a total enterprise value of approximately $4.6 billion, including Cantel's net debt and convertible notes. The agreement has been unanimously approved by the Boards of Directors of both companies. . . .
>
> Under the terms of the agreement, Cantel common stockholders will receive approximately $16.93 in cash and 0.33787 of a STERIS ordinary share, or a total of value of approximately $84.66 per Cantel common share based on STERIS's closing share price of $200.46 on January 11, 2021. The transaction is anticipated to close by the end of STERIS's first quarter of fiscal 2022 (ending June 30, 2021), pending customary closing conditions including receipt of regulatory approvals and

approval by Cantel stockholders. . . .

Advisors

Guggenheim Securities is serving as financial advisor to STERIS and Jones Day is serving as legal counsel. JPMorgan Chase Bank, N.A., served as sole lead arranger and bookrunner in respect of the bridge financing. Centerview Partners LLC is serving as exclusive financial advisor to Cantel and Wachtell, Lipton, Rosen & Katz is serving as legal counsel.

*The Prospectus Omits Material Information*

29. Defendants filed the Prospectus with the SEC in connection with the Proposed Transaction.

30. As set forth below, the Prospectus omits material information with respect to the Proposed Transaction.

31. First, the Prospectus omits material information regarding the Company's and STERIS's financial projections.

32. With respect to the Company's financial projections, the Prospectus fails to disclose: (i) all line items used to calculate adjusted EBITDA and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

33. With respect to STERIS's financial projections, the Prospectus fails to disclose: (i) all line items used to calculate adjusted EBITDA and unlevered free cash flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

34. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

35. Second, the Prospectus omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Centerview.

36. With respect to Centerview's Selected Transaction Analysis, the Prospectus fails to disclose: (i) the total values of the transactions; and (ii) the closing dates of the transactions.

37. With respect to Centerview's Discounted Cash Flow Analysis of the Company, the Prospectus fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values of the Company; (iii) the individual inputs and assumptions underlying the discount rate range of 9.25% to 10.00% and the perpetuity growth rates ranging from 3.75% to 4.50%; and (iv) the number of fully-diluted outstanding shares of Cantel common stock.

38. With respect to Centerview's Analyst Price Target Analyses of the Company and STERIS, the Prospectus fails to disclose: (i) the price targets used in the analyses; and (ii) the sources thereof.

39. With respect to Centerview's Premiums Paid Analysis, the Prospectus fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

40. With respect to Centerview's Discounted Cash Flow Analysis of STERIS, the Prospectus fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values of STERIS; (iii) the individual inputs and assumptions underlying the discount rate range of 7.50% to 8.25% and the perpetuity growth rates ranging from 3.75% to 4.50% and (iv) the number of fully-diluted outstanding STERIS shares.

41. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

42. Third, the Prospectus fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or don't ask, don't waive provisions.

43. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

44. The omission of the above-referenced material information renders the Prospectus false and misleading.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Cantel

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Cantel is liable as the issuer of these statements.

48. The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

49. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

51. The Prospectus is an essential link in causing plaintiff to approve the Proposed Transaction.

52. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

53. Because of the false and misleading statements in the Prospectus, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and STERIS

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants and STERIS acted as controlling persons of Cantel within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Cantel and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

56. Each of the Individual Defendants and STERIS was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after

these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

57. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

58. STERIS also had supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

59. By virtue of the foregoing, the Individual Defendants and STERIS violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants and STERIS had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 14, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*